CALHOUN ET AL. V. GIRARDINE ET AL.

1. PLEADING — CONTRACT — FAILURE TO STATE A CAUSE OF ACTION — DEMURRER. — A complaint alleging a contract to perform labor in a certain year, for a gross sum of money, is bad on demurrer which fails to allege what the plaintiffs contracted to do, or how much work was to be done, or when it was done, or its value. Such a complaint lacks almost every material allegation necessary to show a cause of action.

2. SAME — JOINT DEFENDANTS — NO CONTRACT ALLEGED AS TO ONE. — In the case of joint defendants, when the allegations of the complaint as to one are too indefinite to show he was in any way connected with the contract sued on, the complaint should be dismissed as to him.

3. VARIANCE BETWEEN ALLEGATIONS AND PROOF. — A contract to perform an annual assessment on a mining claim for $100 is not sustained by evidence that plaintiffs were to work a certain number of days on said claim.

*Appeal from San Juan County Court.*

Messrs. GRAY & FRAZIER, for appellants.

Mr. B. O. DRISCOLL and Mr. J. C. KEEGAN, for appellees. . .

REED, C.  Appellees, William B. Girardine and Charles Clinton (plaintiffs below), brought suit against appellants, J. C. Calhoun and J. V. Kilbourn, for the sum of $100, claiming the sum to have been due under contract for work done on the mining claim called the "Silver Wing," in the year 1882.  It appears the complaint was filed February 1, 1883, to which a demurrer was interposed and sustained.  On March 11th an amended complaint was filed, or, in the language of the record, "the complaint was refiled."  Whether there was an amended complaint filed, or whether the original, to which a demurrer had been sustained, was refiled, we are unable to determine from the record, but should judge the latter was the fact.  In the abstract it is said: "Complaint filed February 1, 1883, and alleges," etc.  If any other or amended

complaint was filed, we are not informed of the allegations it contained, nor wherein, if in any respect, it differed from the original; so we must presume that the complaint set out was the one upon which trial was had. It appears that a second demurrer was filed to the complaint, overruled and exception taken. If the second demurrer was interposed to the complaint contained in the record, the court erred in overruling it. Complaint states no cause of action, but says, "That the plaintiffs were miners, and as such contracted with J. C. Calhoun, in 1882, to do an assessment work for him on the Silver Wing mining claim for $100, for the year 1882, which mining claim was the property of the said Calhoun." Although it is said the parties contracted, etc., there is no allegation as to what they contracted to do, or how much work was to be done, or when it was to be done. There is an attempted allegation of performance, but no statement when the contract was performed, nor of its value or acceptance by the defendants. The complaint lacks almost every material allegation necessary to show a cause of action, and the demurrer should for that reason have been sustained.

There is nothing in the complaint that could show that Kilbourn was in any way connected with the contract or supposed cause of action. It says: "The said J. M. Kilbourn has, or pretends to have, some interest or claim in said mining claim or premises other than a lien claim for work, the nature of which these plaintiffs are unable to discover," and asks that he be brought in as a party defendant. The allegation in regard to Kilbourn is too indefinite and should not have been allowed to stand, nor should Kilbourn, on such an allegation, have been made a defendant.

We do not find it necessary to examine at any length other errors, but will say that there was no testimony in support of the complaint. It was on a contract to do a certain job of work as a whole (although what was to be

done is not stated definitely), for a lump sum of $100. The testimony was for work done by the day, at $5 per day. Plaintiff Girardine, in his testimony, says: "The contract was made by Mr. Clinton and myself with the defendant Calhoun. Clinton and I were partners. We did not agree to do any certain amount of work, but were to do ten days' work apiece." The testimony does does not show that that was done.

There was no testimony connecting Kilbourn in any manner with the transaction. He swore he had no interest whatever. The jury found a general verdict against both defendants for $100 and costs. The judgment entered upon the verdict was for a lien upon the mine, and, if found necessary, for an execution against Calhoun only. The judgment should be reversed.

PATTISON and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*